GRIFFITH (DECKER v.). See Cases Nos. 3,724 and 3,725.

=====

## Case No. 5,822.

### GRIFFITH v. EVANS et al.

[Pet. C. C. 166.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1815.

EJECTMENT—EVIDENCE—SURVEY.

1. Ejectment for land in Beaver county, Pennsylvania. An extract from the books of the surveyor general of the land office, is not evidence.

2. Ex parte proceedings by the board of property, under which a survey was made, which in the opinion of the board ascertained the invalidity of a former survey, and in consequence of which the plaintiff's survey was ordered to be struck from the records of the land office, cannot be read in evidence. Such proceedings have no effect on the plaintiff's title.

This was an ejectment for land lying in Beaver county, Pennsylvania, on Beaver creek. The plaintiff produced a regular paper title, which was objected to by the defendants, on the ground that the survey was executed by Leets, the deputy surveyor of district No. 10, whereas the land lies in district No. 11: and to prove this fact, they offered to read the following evidence: First, an extract from the surveyor general's book of Leets' instructions. Second, an order of the board of property dated the 17th of June last, directing the surveyor to run the lines of districts Nos. 10 and 11, according to their true boundaries; and a survey and plot, made in pursuance of said order and returned to the office; which it was contended would show that the land in question lies out of district No. 10. Third, an order of the board of property, dated the 17th of October last, founded upon the above order and survey; declaring the survey in question to be void, having been executed by the surveyor of district No. 10, and directing it to be erased from the records of the board. The court overruled the first piece of evidence, because it was only an extract. Also the residue of the evidence, because the whole proceedings of the board of property were ex parte; and the lessor of the plaintiff, who claims under a patent regularly issued, so far as appears to the court, cannot be affected by any such order or judgment of the board of property. If it was intended to controvert the validity of the survey, upon the alleged ground, the defendants [Evans and Lewis] should have produced witnesses before this court to establish their allegation; or should have had a survey made, under an order of this court, and upon notice to the adverse party.

THE COURT directed a verdict to be found for plaintiff, which was done.

[Another verdict in favor of the plaintiff for the same land was given in Case No. 5,823.]

---

[1] [Reported by Richard Peters, Jr., Esq.]

GRIFFITH (HAYFORD v.). See Cases Nos. 6,263 and 6,264.

GRIFFITH (JOHNSON v.). See Case No. 7,386.

GRIFFITH (MACBEE v.). See Case No. 8,660.

GRIFFITH (McFARLANE v.). See Case No. 8,790.

=====

## Case No. 5,823.

### GRIFFITH v. TUNCKHOUSER.

[Pet. C. C. 418.] [1]

Circuit Court, D. Pennsylvania. April Term, 1817.

EJECTMENT—EVIDENCE—SURVEY.

1. A paper purporting to be "a certified extract from the general draft of certain districts, as framed by the surveyor-general, remaining in his office, under the seal of the office," is not evidence; it being only an extract, and not being a copy of an office paper.

[Cited in Lee v. Thorndike, 2 Metc. (Mass.) 318; Farr v. Swan, 2 Pa. St. 250; Gamache v. Piquignot, 17 Mo. 313.]

2. A paper offered to prove a particular fact, but which is not relevant to that fact, was rejected.

3. The proceedings of the board of property of Pennsylvania, directing a survey of certain districts, and the survey and plot returned thereon, is not evidence.

4. A connected plot or sundry tracts, made and put together by an officer in the land office, is not evidence.

5. A warrant and survey returned into the land office and accepted, in Pennsylvania vests a legal title.

[Cited in Herron v. Dater, 120 U. S. 472, 7 Sup. Ct. 624.]

6. Every presumption is to be made in favour of the regularity of a survey made by a sworn officer, returned into the land office, and then accepted, until the contrary is proved by the party who impeaches it.

7. A survey of land in the district appropriated to satisfy depreciation certificates, is not void by the provisions of the act of the assembly, passed in 1785; although the survey has not been made by going upon the land and running all the lines; provided the lines of the adjoining survey, have ascertained precisely the boundaries of the tract in question, or so many of them, as that the remaining lines can be laid down with mathematical certainty.

8. A survey made by a deputy surveyor, out of his district, is void, and the patentee cannot recover in ejectment.

9. The tract of country appropriated for the satisfying depreciation certificates, having been surveyed by authority of the state of Pennsylvania, it was not required that the deputy surveyor should run and mark the lines of a tract anew, in order to apply to it a warrant which came into his hands afterwards.

This was an ejectment for a tract of land in Beaver county, Pennsylvania. The plaintiff exhibited in evidence ten warrants, granted to Ann Duncan and nine others, on the 14th of April, 1792, which were surveyed on the 14th of February, 1795; Ann Duncan's warrant being the leading warrant, and the others adjoining thereto. These warrants

---

[1] [Reported by Richard Peters, Jr., Esq.]